IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| **BAYLA BURNETT** | | **PLAINTIFF** |
| v. | | CAUSE NO. 1:24CV313-LG-BWR |
| **ANDREA SANDERS; SANDRA LEE JONES, CPS Investigator, Official Capacity; STEPHANIE HAWKINS, Official Capacity; BRITTANY MEAKER, CPS Supervisor, Official Capacity; TRENT FAVRE, Judge, Official Capacity** | | **DEFENDANTS** |

## ORDER OF DISMISSAL FOR LACK OF SUBJECT MATTER JURISDICTION

**THIS CASE IS BEFORE THE COURT** sua sponte for the purpose of determining whether the Court has subject matter jurisdiction. Plaintiff Bayla Burnett filed the present case pursuant to 42 U.S.C. § 1983, claiming that the defendants violated her Fourth, Fifth, Sixth, and Fourteenth Amendment rights by removing Burnett's four minor children from her custody. The Court must dismiss this case for lack of subject matter jurisdiction because the Court does not have authority to overturn a state court judgment.

### BACKGROUND

Burnett previously filed a case with this Court in which she asked, "the federal courts for relief of non-precedential opinion reversing grant of judgement as a matter of law because multiple proceedings wrongfully ruled on have sustained more than 18 months without any parental consent depriving the children and parents their rights to a familial association." *Burnett v. Hawkins*, No. 1:24-CV-35-

HSO-BWR, 2024 WL 3878436, at *1 (S.D. Miss. Aug. 20, 2024).  The Court dismissed Burnett's first lawsuit for lack of subject matter jurisdiction pursuant to the *Rooker-Feldman* doctrine.  *Id.* at *3.

In the present case, Burnett "seeks review of the lower court's decision upholding the removal of her children by the child welfare agency."  [1 p. 9].  She requests a writ of certiorari concerning the state youth court's decision to terminate her parental rights.  *Id.*; [1-1].  Contrary to Burnett's assertions, this Court does not have authority to review state youth court decisions.  As the Court explained in Burnett's prior lawsuit:

> Under the *Rooker-Feldman* doctrine, a federal district court lacks jurisdiction to entertain collateral attacks on a state court judgment.  The doctrine prevents a federal district court from reviewing, modifying, or nullifying a state court judgment or order.  The *Rooker-Feldman* bar applies to actions that explicitly seek review of state court decisions, and to actions in which the constitutional claims presented in federal court are inextricably intertwined with the state court's grant or denial of relief.  The doctrine applies only after the state proceedings have ended and state proceedings have not ended if state appeals are still pending.

*Burnett*, 2024 WL 3878436, at *2 (internal citations, quotation marks, and alterations omitted).  Since Burnett is once again asking the Court to review and overturn a state court decision, the present lawsuit must be dismissed for lack of subject matter jurisdiction.  **BURNETT IS CAUTIONED THAT ADDITIONAL LAWSUITS SEEKING THE SAME RELIEF MAY RESULT IN SANCTIONS THAT COULD INCLUDE DISMISSAL, MONETARY SANCTIONS, AND RESTRICTIONS ON HER ABILITY TO FILE FUTURE PLEADINGS WITH THIS COURT.**

**IT IS THEREFORE ORDERED AND ADJUDGED** that this lawsuit is **DISMISSED WITHOUT PREJUDICE FOR LACK OF SUBJECT MATTER JURISDICTION.**

**SO ORDERED AND ADJUDGED** this the 16th day of October, 2024.

*s/ Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE